ANDREW M. MOORE, plaintiff in error, *vs.* THOMAS D. HAWKS, defendant in error.

Where the defendant sought to show that the plaintiff was not the owner of the note sued on, but that it still belonged to the original payees, by the introduction of letters written by such payees to their agent, to whom the notes had been sent for collection, after the time of the alleged transfer, in which language was used tending to establish the position contended for, it was error to exclude two letters, a portion of the same correspondence, offered by the defendant for the purpose of rebutting and explaining those already in evidence.

Evidence.  Before Judge POTTLE.  Madison Superior Court. March Term, 1876.

Reported in the decision.

COBB, ERWIN & COBB, for plaintiff in error.

S. P. THURMOND, for defendant.

WARNER, Chief Justice.

The plaintiff instituted suit in a justice's court on the following paper :

" ATHENS, GA., May 22d, 1874.

" On or before the first day of November, 1874, I promise to pay W. H· Beach & Son or order, eighty-four dollars, for value received, being for 2,800 pounds of the W. & C. Superphosphate, manufactured by the New Jersey Chemical Company, sold and guaranteed by said W. H. Beach & Son, under analysis of the inspector at Savannah, to the extent of his analysis and no more.

(Signed)                               " THOMAS D. HAWK, [L. s.] "

Moore *vs.* Hawks.

This paper, and the lien accompanying it, was assigned in blank to A. M. Moore, the plaintiff, by W. H. Beach & Son.

The defendant pleaded that the fertilizer mentioned in said paper, was fradulently represented to be a good and valuable fertilizer, when, in fact, it was worthless and of no value as a fertilizer; that the plaintiff, Moore, was not the real owner of the paper, but that the same was the property of Beach & Son at the time of the commencement of the plaintiff's action. On the trial before the justice, judgment was rendered for the defendant. An appeal was taken therefrom to the superior court. On the trial of which the jury, under the charge of the court, found a verdict in favor of the defendant. A motion was made for a new trial on the various grounds therein stated, which was overruled by the court, and the plaintiff excepted.

The main controlling question in the case is, whether the plaintiff was the *bona fide* holder of the paper before it became due, or whether it was still the property of Beach & Son, the original payees thereof. The evidence for the plaintiff is, that he purchased the paper from Beach & Son on the 3d day of July, 1874, *bona fide*, and for a valuable consideration, and without any notice of the failure of consideration, or fraud in its procurement, and that he sent the paper, with others, to W. H. Beach & Son to collect the same for him and on his account, as his agents. In order to show that the paper sued on was still the property of Beach & Son, the defendant offered in evidence several lettters written by Beach & Son to Carlton, bearing date subsequent to the date of the transfer of the paper to the plaintiff, and which had been produced by Carlton under a subpoena *duces tecum*. The plaintiff offered in evidence two letters, being part of the correspondence which was produced under the subpoena *duces tecum*, at the instance of the defendant, for the purpose of explaining and rebutting the effect of the other letters, so far as the same affected the plaintiff's title to the paper sued on. The court refused to allow the two letters thus offered to be read to the jury. In our judgment this refusal was error.

If the plaintiff did become the *bona fide* indorsee and holder of the paper on the 3d day of July, 1874, then Beach & Son could not afterwards talk and write away his title to it without his consent. Inasmuch as the defendant sought to defeat the plaintiff's title to the paper by letters written by Beach & Son subsequent to the date of the transfer of the note to the plaintiff, the whole of the correspondence, including the two letters ruled out, should have been read in evidence to the jury, especially as the rejected letters recognized the plaintiff's title to the paper sued on, and bore date prior to some of the letters offered in evidence by the defendant.

All the other grounds of error specified in the bill of exceptions are overruled, and the new trial is granted solely on the ground that the court erred in ruling out the two letters offered in evidence by the plaintiff as specified in the bill of exceptions.

Let the judgment of the court below be reversed.