Blandford, J.
A deed was made to a trustee for a married woman for life, and at her death the property was to be equally divided between the children of her husband. The life tenant having died, the children brought an action of ejectment against the occupants of the land. Defendants in ejectment filed their bill against the children and their father, alleging that the latter left in the hands of another, certain notes in 1862, upon the eve of his departure for the war, and instructed such other person to look after his family and provide a home for them during his absence; that the person so entrusted collected the money and purchased the land in controversy, and had the deed made to him as trustee for the uses above stated; that this was done without *384 the knowledge or consent of the plaintiffs’ father, and he had no knowledge of it until 18G6, when he had sold one hundred acres of the land to one of the complainants; that he then discovered the mistake in the deed and he and his wife consented that the person named as trustee might make such complainant a title, and afterwards that he might make title to the other complainants, winch was done ; that the father received the money for the land, and out of it had supported, maintained and educated the children ; and that complainants had placed valuable improvements on the land. The prayer was for a decree declaring complainants’ title good and setting aside the trust deed, or in default of this, that complainants be subrogated to the rights of the father and be repaid the money expended for the education and maintenance of the children, and that a reasonable sum be allowed for the improvements.
W. I. Pike; W. C. Howard ; Alex. S. Erwin, for plaintiff in error.
VC S. Morris; Barrow & Thomas,, for defendants.
Held, 1, that the bill was demurrable, and that complainants were not entitled to any relief either at law or in equity. From the lapse of nearly twenty years after the discovery of how the deed was made, it will be concluded either that it was originally made on proper authority or that the act of the trustee was ratified by the father.
2. It being the duty of the father to support, educate and maintain his children, he has no rights against them to which the complainants could be subrogated.
(a) This case differs from those in 56 Ga., 557 and 70 Ga., 179.
3. Complainants having bought with their eyes open, they knew, or could have known, of the title of the children by the use of very little diligence ; and no fraud or imposition having been practiced upon them, they can only set off improvements against mesne profits.
Judgment affirmed.